IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mr. Michael T. Johnson Sr.,<br><br>                    Plaintiff,<br><br>      vs.<br><br>The Honorable Deborah Lee James<br>Secretary of the Air Force,<br><br>                    Defendant. | Civil Action No. 3:18-cv-3508-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's *pro se* Complaint filed December 19, 2018, alleging employment discrimination. ECF No. 4.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues.

On May 12, 2020, Defendant filed a motion to dismiss or for summary judgment. ECF No. 58. Because Plaintiff is proceeding *pro se*, the court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 59. Plaintiff's response was due June 15, 2020. *Id.* Plaintiff did not file a response.

On June 24, 2020, the Magistrate Judge entered a Report recommending the case be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). ECF No. 64. The Report reasoned

---

[1] This case was originally filed in the Northern District of Georgia, but was transferred to this court pursuant to the venue provision of Title VII, as the events occurred at Shaw Air Force Base. See ECF No. 2.

Plaintiff's failure to respond was through his own neglect, and Defendant could not resolve the case if Plaintiff failed to prosecute it. Plaintiff was given notice of his right to file objections to the Report and the consequences of failing to do so. Plaintiff did not file objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error and agrees with the Report's recommendation this matter should be dismissed. Accordingly, the court adopts the Report by reference in this Order. As Plaintiff was specifically warned of the possibility of dismissal if he did not respond to the Magistrate Judge's Report, this action is hereby dismissed pursuant to Fed. R. Civ. P. 41(b). *See also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("The Federal Rules of Civil Procedure

2

recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders."). Defendants' motion to dismiss, or in the alternative for summary judgment, (ECF No. 58) is dismissed as moot.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 21, 2020